[No. 628.   October 10, 1895.]

ADDISON M. JANES ET AL., APPELLEES, v. MARCUS BRUNSWICK ET AL., APPELLANTS.

ESTATE OF DECEASED PERSON, CLAIM AGAINST—LIMITATION.—A claim against the estate of a decedent will be barred, under section 2225, Compiled Laws, 1884, unless filed with the clerk of the probate court within two years after decedent's death.

APPEAL, from a decree for complainants, from the Fifth Judicial District Court, Lincoln County. Modified and affirmed.

The facts are stated in the opinion of the court.

H. B. FERGUSSON for appellants.

W. T. THORNTON for appellees.

LAUGHLIN, J.—On the fourth day of September, 1885, complainant, Addison M. Janes, filed his bill of complaint in the district court for Lincoln county, for and on his own behalf, and in behalf of all others who might elect to come in and share in the expenses of the litigation as parties complainant, as creditors of the estate of John V. Winters, deceased, against James J. Dolan and Joseph A. La Rue, as administrators of the estate of said John V. Winters, deceased, and Marcus Brunswick and a number of other persons, in the bill named, as heirs of the said Winters, deceased, in which bill it was alleged that the said administrators refused to pay the claims of complainants, because the personal effects of decedent's estate coming into their hands were insufficient to pay the same.

The bill prayed for an accounting as to the amount due complainant from said estate, an accounting by the administrators of the personal estate received by them, an accounting of the real estate belonging to decedent at his death, of the incumbrances on the real estate, if any, of the rents and profits derived from the same, if any, and, in case of a deficiency in the personal estate to pay all creditors, that an order be made to sell all or a sufficient part of the real estate to pay any such deficiency against said estate. Afterward, a larger number of other creditors of said estate intervened, and were made parties complainant in the original bill filed by Janes. Parties who came in, as well as the original com-

plainant, had previously filed their claims against the estate with the clerk of the probate court of Lincoln county, and had the same allowed, and judgments entered therein against the estate. The administrators did not answer the bill, but the Winter heirs, after service by publication, appeared by counsel, answered, and pleaded the statute of limitation as a bar to the claims set up in the original bill, and to the claims set up in the intervening petitions. In 1889 the court overruled all pleas to the statute of limitations. Issue was joined to the answer of the Winter heirs, and the cause was, by consent of all the parties, referred to a special master to take proofs and report his findings of facts and conclusions of law thereon to the court, which was done; and on the incoming of the master's report in favor of complainants, counsel for the Winter heirs filed a number of objections and exceptions. The court disallowed the objections and exceptions, approved and confirmed the report, and the Winter heirs brought the case here on appeal.

This is an action in the nature of a creditors' bill in chancery, brought by the appellees, complainants below, against appellants, in which it is sought to subject certain real estate to the payment of the claims of a number of creditors against the estate of John V. Winters, deceased, contracted by him during his lifetime. It appears from the record that John V. Winters departed this life at White Oaks, Lincoln county, New Mexico, some time during the month of April, 1881; that he died seized of an undivided eight fifteenths (8-15) interest in and to a certain unpatented mining claim, supposed at that time to possess great value as a gold mine, and known as the "Homestake" or "Winters' Homestake" mine, situated in White Oaks mining district, Lincoln county, New Mexico, and certain personal property, of little value. Soon after his death, the probate court appointed James J.

Dolan and Joseph A. La Rue administrators, and they duly qualified and entered upon their duties as such; and the probate court appointed three reliable citizens of the county to appraise the value of all the property of the decedent's estate, which they did in the manner provided by law, and on their appraisement and report, and the evidence in the case, the special master found the value of personal property, which came into the hands of the administrators to be $234.18, the amount of indebtedness due these appellees to be $3,466.35, and the value of the real estate of said decedent's estate was $8,953.32. This left a deficiency in the personal property of $3,232.17, according to his report, and as confirmed by the court, to be paid out of the real estate.

The special master rejected and disallowed an item of $2,666.66, which the appraisers fixed as the interest of decedent's estate in a pile of ore upon the dump at the mine, the estimated quantity and value of which they estimated to be two hundred tons, worth $25 per ton, or $5,000. The master was amply justified by the proofs in deducting this from the personal property which came into the hands of the administrators, as the proofs show it was of little value, and was sold to the agent of the Winter heirs. Neither the estate nor the administrators ever received any of the proceeds, but whatever it was worth went to the appellants. But counsel for the Winter heirs contends that the ore was very valuable when it came into the hands of the administrators, and that they failed and neglected to take proper care of it, in their administrative capacities, and that it was wasted and carried off by "specimen hunters," and that they should be charged with its appraised value. This contention can not be maintained, because it is unsupported by the weight of the evidence and the preponderating circumstances in the case, and the master was supported in his conclusion on this point.

The appellants' first assignment of error is "that the court erred in overruling the pleas of the statute of limitations as to the accounts of Charles Fritz for $412.50, Ira E. Leonard for $325, and S. B. Newcomb for $300." The master did not allow Leonard's claim, and that will not be further noticed. Fritz's claim was filed in due time, and was properly allowed by the master. Newcomb's claim was not filed with the clerk of the probate court until the third day of March, 1884, and not until more than two years had expired from the death of the decedent, and was, therefore, barred under section 2225, Compiled Laws 1884, and the plea was well taken and is sustained as to that claim.

*CLAIM against decedent's estate: limitation.*

The court below found, on the master's report, that the administrators should be charged with $234.18, as the value of certain separate personal effects of the decedent, on the value fixed by the appraisers and the evidence in the case, and among the items making up this amount was one small horse, of the value of $37.50, which was stolen, one steer of the value of $30, which was diseased at the time, and soon thereafter died, and one log cabin, which was not on the surface ground of the mine, of the value of $50, and some old wearing apparel of decedent, of the value of $13.50, making the sum of $131. In view of the facts as they appear from the record, that these articles were not lost or wasted through any fault or neglect of the administrators, and the others were of no value, and unsalable, and that the administrators were not able to nor did they realize anything from any of them, they should not be charged with them, and they are only chargeable with $103.18, as the value of the personal property, which had theretofore come into their hands. The judgment of the court below is, therefore, modified to the extent that the claim of S. B. Newcomb for $300 is rejected and not allowed, and the administrators are to be charged

with $103.18, instead of $234.18, and this amount will be deducted from their commissions on final settlement, and the judgment of the court below is in all other particulars affirmed, and an order will be entered directing the lower court to enforce the decree as here modified and affirmed.

SMITH, C. J., and COLLIER, HAMILTON, and BANTZ, JJ., concur.